```
            IN THE UNITED STATES DISTRICT FOR THE
                SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

JAMES FILLIP MOATS,            *
                               *
     Petitioner,               *
                               *
vs.                            *  CIVIL ACTION 03-0678-BH-B
                               *
JIM COOKE,                     *
                               *
     Respondent.               *
```

### REPORT AND RECOMMENDATION

James Fillip Moats, an Alabama inmate currently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief under 28 U.S.C. § 2254. This action, which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases, is now ready for consideration. The state record is adequate to determine Petitioner's claims; thus, no evidentiary hearing is required. Based upon a careful review of the file, it is recommended that the habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Jim Cooke and against Petitioner James Fillip Moats on all claims.

Before turning to the petition, the undersigned has reviewed Petitioner's outstanding motions, and rules as follows: Petitioner's motions for discovery (Docs. 36 & 40) are **DENIED**

-1-

because he has failed to demonstrate that such discovery is necessary; Petitioner's motions for recusal of Judge Hand and the undersigned (Docs. 38 & 39) are **DENIED** because Petitioner has failed to demonstrate that either Judge Hand or the undersigned has a personal bias against him and that such bias arises from an extrajudicial source or from the present action; and Petitioner's motions for status (Docs. 41 & 42) are **MOOT**.

## FINDINGS OF FACT

1.  Petitioner was convicted of sodomy in the second degree on February 27, 1991, and was sentenced to eighteen years' imprisonment (Exh. A).  Moats timely appealed his conviction to the Alabama Court of Criminal Appeals, which affirmed his conviction and sentence on July 24, 1992 (Exh. B).  Moats then filed a petition for writ of certiorari with the Supreme Court of Alabama.  On January 11, 1993, the Supreme Court of Alabama denied his petition and issued the certificate of judgment on his direct appeal (Exhs. C, G).

2.  On June 10, 1993, Moats filed a federal habeas petition in the Southern District of Alabama.  The petition was dismissed without prejudice on July 8, 1994 (Doc. 1, pg. 4).  Petitioner then filed in state court a Rule 32 petition on March 18, 1996, and raised the issues of ineffective assistance of counsel, double jeopardy, prosecutorial misconduct, and judicial

misconduct. (Doc. 1, pg. 4-5; Exh. G). The trial court denied the Rule 32 petition on June 25, 1996. On appeal, the Alabama Court of Criminal Appeals, on October 10, 1996, dismissed the Rule 32 appeal as untimely filed (Exh. F). However, the Court of Criminal Appeals reinstated the appeal on March 17, 1997, and the appeal was submitted on the briefs by the parties (Doc. F). On August 22, 1997, the appeals court affirmed the trial court's denial of Petitioner's Rule 32 petition on the ground that the petition was barred by the two-year statute of limitations that was then contained in Rule 32.2(c), Ala.R.Crim.P. (Exh. F, G).

    3. Subsequent thereto, Petitioner filed a motion for discovery, which the trial court treated as a second Rule 32 petition (Exh. H). The motion was dismissed by the trial court on June 14, 2000. Petitioner appealed the dismissal to the Alabama Court of Criminal Appeals, which dismissed the appeal, stating that the proper method to appeal such a dismissal was a petition for a writ of mandamus (Id.).

    4. Petitioner filed yet another Rule 32 petition on August 9, 2001, which was summarily dismissed by the trial court. The Court of Criminal Appeals affirmed the trial court's dismissal on June 21, 2002 (Doc. 1, pg. 6, see also Moats v State, 860 So. 2d 920 (Ala. Crim. App. 2001)). Petitioner then filed a petition for writ of certiorari with the Supreme Court of

Alabama.  On October 18, 2002, the Supreme Court of Alabama denied the petition and issued the certificate of judgment.  <u>Ex parte Moats</u>, 2002 Ala. LEXIS 1243 (Ala. 2002).

   5.  On October 8, 2003, Petitioner filed the present habeas corpus petition (Doc. 1).  The petition was amended before service of the Respondents (Doc. 5).  On December 12, 2003, Respondents filed their Answer to the original habeas petition and amendment (Doc. 16).  In their Answer, Respondents contend that the Petitioner's habeas corpus petition is barred by the one-year statute of limitations pursuant to 28 U.S.C.§ 2244(d)(1) (Doc. 16, pg. 4-5).  Petitioner was directed to show cause why his petition should not be dismissed as untimely.  In response thereto, Petitioner asserted that his conviction became final on June 21, 2002; thus, his petition is timely.  A review of the file evidences otherwise.

### **CONCLUSIONS OF LAW**

   The record before the Court shows that Petitioner's conviction became final <u>before</u> April 24, 1996, the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA").  AEDPA provides that a defendant has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a

federal habeas corpus petition.  28 U.S.C. § 2244(d)(1)(A). However, if a defendant's conviction becomes final before the effective date of AEDPA, which is what occurred in this case, the United States Court of Appeals for the Eleventh Circuit has found that the one-year limitation period in AEDPA begins to run on the statute's effective date of April 24, 1996, rather than on the date the conviction became final as indicated in 28 U.S.C. § 2244(d)(1)(A).  See Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir.), cert. denied, 528 U.S. 1085, 120 S.Ct. 811, 1451 L.Ed.2d 683 (1999); Wilcox v. Florida Dep't of Corrections, 158 F. 3d 1209, 1211 (11th Cir.), cert. denied sub nom., Wilcox v. Moore, 531 U.S. 840, 121 S.Ct. 103, 148 L.Ed.2d 62 (2000)(citations omitted).

In the case sub judice, Petitioner argues that his conviction became final on June 21, 2002; however, a review of the record reflects that Petitioner's conviction actually became final on January 11, 1993 when the Supreme Court of Alabama denied his petition for certiorari and issued the certificate of judgement on his direct appeal. Because Petitioner's conviction became final before the effective date of the Act, the one-year limitation period in AEDPA began to run on the statute's effective date of April 24, 1996. This means that Petitioner had a one-year grace period, or until April 23, 1997, to file his

federal habeas corpus petition.  Petitioner's instant habeas corpus petition was not filed until October 8, 2003, which was well over six years after the grace period expired on April 23, 1997 (Doc. 1); thus, it was untimely.

The AEDPA also provides that, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  While Petitioner filed Rule 32 petitions for post-conviction relief, they were untimely filed; thus, they did not toll the statute of limitations for filing a claim for federal habeas corpus relief.  <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000) (State postconviction petition must meet state filing deadlines and must be "pending" in order to toll the statutory limitations period.)  For instance, Petitioner's first Rule 32 petition, which was filed on March 18, 1996, was dismissed as untimely on August 22, 1997.  Because it was untimely filed, it did not toll the statute of limitations for Petitioner's federal habeas claim.[1]

While it is clear that Petitioner's habeas claim was

---

[1] The same holds truth for Petitioner's subsequent Rule 32 petitions.

untimely filed, before recommending dismissal, the undersigned must ascertain whether Petitioner has pled extraordinary circumstances which would justify equitable tolling of the limitations period.  As the Eleventh Circuit has stated,

> Section 2244 is a statute of limitations, not a jurisdictional bar.  Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is an extraordinary remedy which is typically applied sparingly.  See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).  See also generally Knight v. Schofield, 292 F.3d 709 (11th Cir. 2002).  In Helton v. Secretary of the Department of Corrections, 259 F.3d 1310 (11th Cir.), cert. denied, __ U.S. __, 122 S.Ct. 1965 (2002), the Eleventh Circuit held as follows:

> The "extraordinary circumstances" standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction. See Steed, 219 F.3d at 1300; Sandvik, 177 F.3d at 1270-72. The circumstantial nature of the case against Helton does not relate to the circumstances, if any, justifying his failure to timely file his section 2254 petition. The district court erred, therefore, in focusing upon the merits of the case to justify equitable tolling. (footnote omitted).

Id., at 1314.

On January 5, 2004, Petitioner was ordered to show cause as

to why his petition should not be dismissed pursuant to 18 U.S.C. 2244(d)(1)(A) as time-barred. (Doc. 19).  In his response, Petitioner first asserts that his conviction became final on October 18, 2002, not January 11, 1993. (Doc. 28). However, as previously noted, Petitioner's conviction became final on January 11, 1993, when the Alabama Supreme Court denied his petition for writ of certiorari on direct appeal and issued the certificate of judgement (Exh. C).  Petitioner has not asserted any reason or excuse for the untimely filing of his habeas petition.  Instead, Petitioner alleges his innocence. As in Helton, supra, the circumstances surrounding Petitioner's conviction do not answer the question of why his petition was filed outside of the statute of limitations, nor do they provide a justification to equitably toll the time in which he had to file.

Furthermore, in order to demonstrate actual innocence in a postconviction proceeding, a petitioner must "support his allegations of constitutional error with new reliable evidence-- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - -that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).  The evidence presented "must show that it is more likely than not that no reasonable juror would have found

petitioner guilty beyond a reasonable doubt." Id. At 327. In other words, Petitioner must persuade this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. At 329.

Petitioner has not come fourth with new evidence of any kind to support his contention that he is actually innocent of the crime for which he was convicted. In fact, the evidence that Petitioner relies on in asserting his innocence was presented at trial for the jury to hear and weigh. Petitioner has presented no new evidence, either through scientific or physical evidence or new eyewitness testimony, that was not available during his trial and subsequent appeal.

The Court finds that the Petitioner has not made a showing of actual innocence, nor has he overcome the statute of limitations problem presented. For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Jim Cooke.

### Conclusion

For the reasons set forth above, it is the opinion of the Magistrate Judge that Petitioner's petition for habeas corpus relief be **DENIED**. It is so recommended.

The attached sheet contains important information regarding objections to this recommendation.

**DONE** this the **22nd** day of **June, 2005**.

                                               <u>S/ SONJA F. BIVINS</u>
                                               UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

-11-

3.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this the **22nd day** of **June, 2005**.

                                        s/Sonja F. Bivins
                                        **UNITED STATES MAGISTRATE JUDGE**